IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   v.              20-CR-6074 EAW

THEODORE LORIA,

     Defendant.

_____

## PLEA AGREEMENT

The defendant, THEODORE LORIA, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to one-count Information charging a violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5) (cyberstalking) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, or both, a mandatory $100 special assessment and a term of supervised release of 3 years.   The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release.   As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

3.      The defendant understands, and the parties agree, that the Court must require restitution in an amount to be determined to be paid as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

## II.   ELEMENTS AND FACTUAL BASIS

4.      The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

(1)     The defendant used the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct;

(2)     That caused substantial emotional distress to another person or placed

2

that person in reasonable fear of the death or, or serious bodily injury to, any of the persons described below;

(3)      With the intent to cause substantial emotional distress to another person, an immediate family member of that person, or a spouse or intimate partner of that person.

## FACTUAL BASIS

5.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.      Between in or about June 2017 and in or about August 2019, the defendant THEODORE LORIA engaged in a course of conduct that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to the VICTIM. LORIA used computers, the internet and cellular telephones in interstate and foreign commerce, to engage in this conduct that affected the VICTIM who was located in the Western District of New York.

b.      In 2017, LORIA sent VICTIM threatening text messages to VICTIM'S cellular telephone.  LORIA also sent VICTIM a series of text messages, pretending to be a member of a local police department, stating that VICTIM was an "enemy" of law enforcement and that he knew where all of VICTIM'S family members lived.  LORIA texted VICTIM the correct addresses of VICTIM'S family members.

c.      In December 2018, LORIA texted VICTIM'S cellular telephone anonymously, and stated he knew where VICTIM lived and everything about VICTIM'S minor child.  LORIA provided details about VICTIM'S child's school location, the child's appearance and the location of the child's bedroom in the home.

d.      In February 2019, LORIA conducted physical surveillance of VICTIM by driving by VICTIM'S residence and business multiple times. In August 2019, VICTIM observed LORIA following VICTIM in his vehicle.

e.      LORIA'S course of conduct involving threats via cellular telephone and computers, did cause VICTIM substantial emotional distress, which was the intent of LORIA.

### III.   SENTENCING GUIDELINES

6.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.     The government and the defendant agree that Guidelines §§ 2A6.2(a) and 3D1.2(b) apply to the offenses of conviction and provides for a base offense level of 18.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.     The government and the defendant agree that the following specific offense characteristic does apply:

a.     the **two-level** increase pursuant to Guidelines § 2A6.2(b)(1)(E) [ pattern of activity involving stalking, threatening, harassing, the same victim].

### ADJUSTED OFFENSE LEVEL

9.     Based on the foregoing and Guidelines §3D1.2(b) it is the understanding of the government and the defendant that the combined adjusted offense level for the offenses of conviction is **20**.

4

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines §  3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a **total offense level of 17**.

## CRIMINAL HISTORY CATEGORY

11.     It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.     It is the understanding of the government and the defendant that, with a total offense level of 17 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **24 to 30 months**, a fine of $10,000 to $95,000, and a period of supervised release of 1 to 3 years.  Notwithstanding this, the defendant understands that at

sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

13.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a **24 month** term of imprisonment as part of the appropriate sentence in this case.   If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty.

14.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV.   STATUTE OF LIMITATIONS

15.     In the event the defendant's plea of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time-barred as of the date of this agreement.   This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty plea or vacating of the convictions becomes final.

## V.   REMOVAL

16.   The defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND RESERVATIONS

17.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18.    At sentencing, the government will move to dismiss the criminal complaint under case number 19-MJ-679 in this action.

19.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

20.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.   The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10 above, notwithstanding the manner in which the Court determines the sentence.   In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21.    The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

8

future, the defendant becomes aware of previously unknown facts, or a change in the law, which the defendant believes would justify a decrease in the defendant's sentence.

22.    The government waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence.   However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

23.    This plea agreement represents the total agreement between the defendant, THEODORE LORIA, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.


                         JAMES P. KENNEDY, JR.
                         United States Attorney
                         Western District of New York


BY:    _____

                         MELISSA MARANGOLA
                         Assistant United States Attorney
                         U.S. Attorney's Office
                         100 State Street, Room 500

9

Rochester, New York 14614

Dated: June 2 , 2020

## **ACKNOWLEDGMENT**

I have read this agreement, which consists of pages 1-10.   I have had a full opportunity to discuss this agreement with my attorney, Mark Foti, Esq.   I agree that it represents the total agreement reached between myself and the government.   No promises or representations have been made to me other than what is contained in this agreement.   I understand all of the consequences of my plea of guilty.   I fully agree with the contents of this agreement.   I am signing this agreement voluntarily and of my own free will.

_____
THEODORE LORIA
Defendant

Dated: June 2 , 2020

_____
MARK FOTI, ESQ.
Attorney for the Defendant

Dated: June 2 , 2020