IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                      20-CR-6074EAW

THEODORE LORIA,

            Defendant.

## STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has fully reviewed the Pre-Sentence Investigation Report ("PSR") submitted by the United States Probation Department on or about July 7, 2020. The calculations set forth in the PSR are different than those contained in the plea agreement as the PSR calculated the defendant's CHC II, while the parties originally determined the defendant's CHC was I. Accordingly, the recommended guidelines range in the PSR (27-33 months) is greater than the guidelines range calculated in the plea (23-30 months). Pursuant to United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999), the Government is bound to advocate that the calculation set forth in the plea agreement is correct.

On June 3, 2020, the defendant entered a plea of guilty to Title 18, United States Code, Section 18 USC 2261(A)(2)(B) (Cyberstalking). Based upon the plea to Cyberstalking, the defendant faces a maximum sentence of five (5) years imprisonment, a maximum fine of $250,000, a mandatory $100 special assessment and a period of supervised release of 1-3 years.

Pursuant to the plea agreement, the parties agreed that, pursuant to Rule 11(c)(1)(C), the defendant should be sentenced to a term of imprisonment of twenty-four (24) months imprisonment. The government maintains this sentence should be imposed by the Court as the victim in this case is fully supportive of this resolution.

Financial Obligations

As of the time of this filing, the victim in this case requested approximately $29,107.20 in USD. The government has engaged in discussions with defense counsel regarding the restitution request and anticipates reaching an agreement to a specific amount the defendant will agree to pay. The government will advise the Court in advance of sentencing when an agreement has been finalized. If there is no agreement, a restitution hearing may be required.

The defendant is also required to pay a $100 special assessment. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk. It is requested that the Court order that all financial obligations be due immediately.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Forfeiture/Financial Litigation Unit
> U.S. Attorney's Office--WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

DATED: Rochester, NY; July 22, 2020

                                                JAMES P. KENNEDY, JR.
                                                United States Attorney
                                                Western District of New York

By:    s/Melissa M. Marangola
        Assistant U.S. Attorney
        United States Attorney's Office
        100 State Street, Room 500
        Rochester, New York 14614
        585-399-3925
        Melissa.Marangola@usdoj.gov

TO: Hon. Elizabeth A. Wolford
      Mark Foti, Esq. (via ECF)
      Jennifer Fish, USPO (via email)